IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ERIC JASON FIORENTINO**                                                **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:23-cv-00126-BWR**

**TYRONE NELSON, et al.**                                          **DEFENDANT**

## ORDER STAYING CASE PENDING RESOLUTION OF CRIMINAL PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE FOR STATISTICAL PURPOSES

Proceeding *pro se* and *in forma pauperis*, Plaintiff Eric Jason Fiorentino, Jr., filed this lawsuit on May 22, 2023, alleging that Defendants Tyrone Nelson and Investigator Austin Barnett violated his constitutional rights under 42 U.S.C. § 1983. Compl. [1] at 2-3. Plaintiff's claims include (1) false arrest and illegal incarceration; (2) excessive use of force; (3) denial of medical care; (4) denial of the right to an attorney; (5) excessive bail; and (6) defamation. Order [28] at 1. The Court held an Omnibus Hearing on August 6, 2024, and thereafter established a deadline of November 4, 2024, for the filing of dispositive motions. *Id*. at 1, 4. But further examination of the Court's docket reflects that the criminal prosecution underlying Plaintiff's § 1983 claims is still pending. *See United States v. Fiorentino*, No. 1:23-cv-00139-TBM-BWR (S.D. Miss.).

Some of Plaintiff's claims might implicate the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, "the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence

has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). "This requirement or limitation has become known as the favorable termination rule." *Id.* (quotation omitted).

Because Plaintiff's criminal prosecution remains pending, it would be premature to decide whether any of his claims for damages under § 1983 are barred by *Heck*. Instead, "[t]he court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *see also Busick v. City of Madison, Miss.*, 90 F. App'x 713, 713-14 (5th Cir. 2004). And because this case will not proceed until Plaintiff's underlying criminal charges are resolved, the Court finds that this case should be administratively closed for statistical purposes.

Plaintiff is responsible for moving to lift the stay of proceedings within 30 days after the underlying criminal charges against him are resolved. If Plaintiff does not timely move to lift the stay of proceedings, the Court will deem Plaintiff's inaction to be a purposeful delay and contumacious act that subjects this case to dismissal *sua*

*sponte*, without prejudice, and without further written notice.  Federal Rule of Civil Procedure 41 confers upon a district court the authority to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with a court order.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985).  A court must be able to clear its calendar of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief in order to achieve the orderly and expeditious disposition of cases.  *See Link,* 370 U.S. at 630-31.

**IT IS, THEREFORE, ORDERED** that proceedings in this case are **STAYED** pending the resolution of Plaintiff's underlying criminal charges.

**IT IS, FURTHER, ORDERED** that the Clerk of Court shall administratively close this case for statistical purposes.  Nothing contained in this Order shall be considered a dismissal or disposition of this matter, and the Court retains jurisdiction over the cause of action to allow Plaintiff to file a motion to reopen the case for further proceedings at the appropriate time.

**IT IS, FURTHER, ORDERED** that Plaintiff is responsible for moving to lift the stay of proceedings within 30 days after the underlying criminal charges against him are resolved.  If Plaintiff does not timely move to lift the stay of proceedings, the Court will deem that inaction to be a purposeful delay and contumacious act by

Plaintiff that subjects this case to dismissal *sua sponte*, without prejudice, and without further written notice.

**SO ORDERED,** this 28th day of October, 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE