**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**ERIC JASON FIORENTINO, JR.** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 1:23-cv-00126-BWR**

**TYRONE NELSON, et al.** **DEFENDANTS**

**ORDER GRANTING MOTION [37] TO DISMISS FOR LACK OF PROSECUTION**

When he filed his Complaint on May 22, 2023, pro se Plaintiff Eric Jason Fiorentino, Jr., was a pretrial detainee being housed at the Jackson County Adult Detention Center in Pascagoula, Mississippi. Compl. [1] at 2, 4. His claims arise under 42 U.S.C. § 1983, and he names Tyrone Nelson and Austin Barnett as Defendants. *Id.* at 2-3; Order [17]. Plaintiff is proceeding *in forma pauperis*, Order [5], and his allegations were clarified at an Omnibus Hearing on August 6, 2024.[1]

Plaintiff's § 1983 claims arise from the initiation and prosecution of criminal charges that were still pending at the time of the Omnibus Hearing. Order [34] at 1; *see also United States v. Fiorentino*, No. 1:23-cr-00139-TBM-BWR-1 (S.D. Miss.). So this case was stayed pending the resolution of those criminal proceedings and administratively closed for statistical purposes. Order [34] at 1-4. Plaintiff has not since notified the Court about the termination of those criminal proceedings, timely moved the Court to reopen this case, or updated his mailing address. On May 6, 2026,

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a more definite statement), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

Defendants filed an unopposed Motion [37] to Dismiss for Lack of Prosecution. For the following reasons, the Court finds that this case should be dismissed without prejudice and finally closed on the Court's docket.

## I. BACKGROUND

A complete account of Plaintiff's factual allegations is printed in the Omnibus Order [28] dated August 6, 2024. Plaintiff's claims include (1) false arrest and illegal incarceration, (2) excessive use of force, (3) denial of medical care, (4) denial of the right to an attorney, (5) excessive bail, and (6) defamation. *Id.* at 1. After the Omnibus Hearing, the Court recognized that some of Plaintiff's claims might be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-76 (1994). Order [34] at 1. Yet it would have been "premature" to make that determination before the criminal charges were resolved. *Id.* at 2.

Pursuant to the Fifth Circuit's instruction, on October 28, 2024, the Court "stay[ed] proceedings in the section 1983 case until the pending criminal case ha[d] run its course." *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Plaintiff was warned that he was "responsible for moving to lift the stay of proceedings within 30 days after the underlying criminal charges against him are resolved." Order [34] at 2. He was further cautioned thus: "If Plaintiff does not timely move to lift the stay of proceedings, the Court will deem Plaintiff's inaction to be a purposeful delay and contumacious act that subjects this case to dismissal *sua sponte*, without prejudice, and without further written notice." *Id.* at 2-3.

On November 13, 2024, Plaintiff pled guilty in this Court to producing visual depictions of a minor engaging in sexually explicit conduct under 18 U.S.C. § 2251(a), (e). *Fiorentino*, No. 1:23-cr-00139-TBM-BWR-1 (S.D. Miss. Nov. 13, 2024) (Doc. 35). He was sentenced on March 12, 2025, to serve a 360-month term of imprisonment, followed by supervised release for the rest of his life. *Fiorentino*, No. 1:23-cr-00139-TBM-BWR-1 (S.D. Miss. Mar. 24, 2025) (Doc. 43).

On July 29, 2025, a piece of mail addressed to Plaintiff in this case was returned to the Court as undeliverable in an envelope marked, "not here." Envelope [36]. A service copy of Defendants' Moton [37] to Dismiss for Lack of Prosecution was also returned to them as undeliverable in an envelope marked, "no longer here." Notice [38-1] at 1. The docket reflects that Plaintiff is housed at the Pearl River County Jail in Poplarville, Mississippi, Notice [12] at 1, but he is actually housed at the Marshall County Correctional Facility in Holly Springs, Mississippi.[2] Plaintiff has not provided the Court with his updated mailing address, nor has he communicated with the Court about this lawsuit since the Omnibus Hearing on August 6, 2024.

## II. DISCUSSION

The Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the Court under Federal Rule of Civil Procedure 41(b)

[2] Inmate Details, Eric Fiorentino, MISSISSIPPI DEPARTMENT OF CORRECTIONS, *available at* https://www.mdoc.ms.gov/inmate_search/getDetails/L2247 (last accessed Sept. 16, 2026). The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

and the Court's inherent authority to manage its own affairs. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (per curiam).

Plaintiff has been warned at least ten times that it is his responsibility to prosecute this case, which includes an ongoing obligation to comply with the Court's orders and to keep the Court advised of his current mailing address. *E.g.*, Order [34] at 3-4; Order [28] at 4; Order [25] at 5; Order [18] at 3; Order [15] at 1; Order [9] at 2; Order [6] at 3; Order [5] at 3; Order [3] at 2; Notice of Assignment [1-2] at 1. Despite these warnings, Plaintiff has abandoned the prosecution of this case by failing to timely move the Court to lift the stay of these proceedings. Indeed, Plaintiff was directed to notify the Court within thirty days after the conclusion of the criminal proceedings against him, Order [34] at 3, but those proceedings ended more than eighteen months ago. Plaintiff has now taken no action in this case for more than two years, which includes the failure to notify the Court of his current mailing address. Such inaction represents a clear record of delay and contumacious conduct.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (per curiam) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). There is nothing in the record to suggest that further warnings will be effective, and it is apparent that Plaintiff no longer wishes to pursue this lawsuit. *See Russell v. Newton Cnty.*, No. 3:24-cv-00047-HTW-LGI, 2026 WL 2001242, at *2 (S.D. Miss. May 26, 2026), *report and recommendation adopted by*, 2026 WL 1847461, at *1 (S.D. Miss. June 26, 2026). Under these circumstances, dismissal without prejudice is warranted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [37] to Dismiss for Lack of Prosecution filed by Defendants Tyrone Nelson and Austin Barnett is **GRANTED**. Plaintiff Eric Jason Fiorentino Jr.'s claims against both Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute this case. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this 16th day of September, 2026.

s/ *Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE